UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHARON BOLTER,

        Plaintiff,

  v.                                        Case No. 18-cv-1970-pp

NANCY A. BERRYHILL,

        Defendant.

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the fee. The plaintiff indicates that she is not married, is not employed, and has no dependents she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff lists no income and no expenses, simply stating "I live w/ my Mom." Id. at 2. She does not own a car or a home, she has $50 in a checking or savings account, and she owns no other property

of value. Id. at 3-4. In the "Other Circumstances" section, the plaintiff states, "My brother wants to sell my mothers and my home. That will put me on the street walking with a walker + having medications for my disabilities." Id. at 4. The court concludes that the plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision if the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint includes at least twelve paragraphs alleging errors made by the Administrative Law Judge in his determination that the plaintiff was not entitled to benefits, and it concludes by stating that the ALJ's decision is not supported by substantial evidence, contains harmful errors of law, and that the ALJ abused his discretion. Dkt. No. 1 at 2-5. At this early stage, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 11th day of January, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**